## Chicago, P. & M. R. R. Co. v. Jerry Moore.

1. ELEMENTS OF DAMAGES—*Railroad in Streets—Abutting Owners.*— In determining the amount of damages which a person has sustained by reason of the location of said railroad across or near his premises, it is proper for the jury to take in consideration the close proximity of the railroad to his premises, the greater danger of fire being caused by sparks from engines while running along the road, and also the annoyance by the noise and jarring caused by the engines and trains upon the track, and smoke, cinders and dust from engines.

2. SAME—*Obstruction to Drainage.*—In determining the amount of damages sustained by reason of the location of a railroad in the streets in front of a person's premises, the jury may take into consideration any injury caused by changing the grades of the streets and the land so as to obstruct the drainage and cause water to stand upon such premises, or the streets and alleys which afford him means of egress to his premises.

**Trespass on the Case.**—Damages to lands, etc.  Appeal from the Circuit Court of Jefferson County; the Hon. EDMUND D. YOUNGBLOOD, Judge, presiding.  Heard in this court at the August term, 1895.  Affirmed.  Opinion filed March 7, 1896.

J. H. ATTERBURY, attorney for appellant.

F. G. BLOOD and JONES & BLAIR, attorneys for appellee.

MR. PRESIDING JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

This was an action of trespass on the case brought by appellee against appellant, to the May term, 1895, of the Jefferson County Circuit Court, to recover damages for injury done to property of appellee by the location and operation of the railroad of appellant.  A trial was had before the court and a jury at the May term, 1895, of said court, which resulted in a judgment for plaintiff and against defendant, for $60.  Defendant moved for a new trial, which the court overruled, and the defendant prayed an appeal, and now brings the record here.

The only reasons urged for reversal of the judgment are, the giving of instructions " one " and " five " for plaintiff, and refusing to give the seventh instruction for defendant.

The instruction " one " for plaintiff informed the jury that in determining the amount of damages plaintiff had sustained, they had the right to consider the close proximity of said railroad to his premises, the danger of fire being caused by sparks from engines, while running, to buildings on his premises, the annoyance to himself and family by the noise and jarring of passing trains moving along defendant's track, and the annoyance caused by smoke, cinders and

dust from said engines. All these causes tended to depreciate the value of plaintiff's property and were proper to be considered by the jury in estimating the damages to plaintiff. The giving of this instruction was not an error. The said fifth instruction called the attention of the jury to their right to consider the injury to plaintiff by reason of the change of the grade of street and land near plaintiff's premises, by defendant, in locating its railroad, so as to obstruct the drainage and cause water to stand upon his premises, or streets and alleys which lead to his premises. This was also a proper element of damage to be considered by the jury, and the instruction was right. The seventh instruction requested by defendant and refused by the court, restricted the jury in the damages they could find, to such damages only as would be caused by reason of " cutting off access to plaintiff's premises " and " damages from fire." This instruction was properly refused.

We find the evidence warranted the verdict; that the jury were fairly instructed, and no reason for reversing the judgment appears. The judgment is affirmed.